NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUDITH BURBRINK, an individual, | No. 15-35842 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-00377-JCC |
| v. | |
| PHYLLIS J. CAMPBELL; MICHELLE M. EBANKS; ENRIQUE HERNANDEZ, Jr.; JEANNE P. JACKSON; ROBERT G. MILLER; BLAKE W. NORDSTROM; ERIK B. NORDSTROM; PETER E. NORDSTROM; PHILIP G. SATRE; BRAD SMITH; FELECIA D. THORNTON; B. KEVIN TURNER; ROBERT D. WALTER; ALISON A. WINTER; HANGAR THREE LLC; JWB AIRCRAFT LEASING COMPANY, INC.; JD PLANE, LLC; JW LTD.; M&B BEAVER LLC; TB PLANE, LLC; 247N, LLC; SDJ, LLC; NORDSTROM, INC., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Argued and Submitted February 5, 2018
Seattle, Washington

---

      *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before:  M. SMITH and MURGUIA, Circuit Judges, and ROBRENO,[**] District Judge.

Judith Burbrink appeals the district court's dismissal of her shareholder derivative lawsuit against Nordstrom, Inc. ("Nordstrom"), and others, for lack of shareholder derivative standing. Burbrink alleges that the Nordstrom Board of Director's ("Board") Corporate Governance and Nominating Committee ("Governance Committee") breached its fiduciary duties by (1) approving transactions allegedly beneficial to the Nordstrom family and (2) providing misleading information to investors in Nordstrom's proxy statements about those transactions. It is undisputed that Burbrink did not make a demand on the Board requesting that Nordstrom bring derivative claims in the company's own name. However, Burbrink maintains that she was excused from making such a demand because a majority of the Board members are interested either in the disputed transactions or are not independent, and therefore any demand would have been futile.

The district court granted Nordstrom's motion to dismiss Burbrink's lawsuit pursuant to Federal Rule of Civil Procedure 23.1 because Burbrink failed to sufficiently plead that demand was excused. We have jurisdiction pursuant to 28

[**]  The Honorable Eduardo C. Robreno, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

2

U.S.C. § 1291. We review for abuse of discretion the district court's order dismissing the shareholder suit for failure to demonstrate demand futility, and we affirm. *See Rosenbloom v. Pyott*, 765 F.3d 1137, 1147 (9th Cir. 2014).

Individual shareholders can sue officers, directors, and third parties to enforce causes of action belonging to a corporation through a derivative lawsuit. *See Kamen v. Kemper Fin. Servs., Inc.*, 500 U.S. 90, 95 (1991); *Rales v. Blasband*, 634 A.2d 927, 932 (Del. 1993). However, shareholders seeking to file derivative suits must first demand that a corporation's board of directors take action or state with particularity in a complaint why such demand would have been futile. Fed. R. Civ. P. 23.1; *see In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 989–90 (9th Cir. 1999), *superseded by statute on other grounds as recognized in In re Quality Sys., Inc. Sec. Litig.*, 865 F.3d 1130, 1146 (9th Cir. 2017). "Although Rule 23.1 supplies the pleading standard for assessing allegations of demand futility, [t]he substantive law which determines whether demand is, in fact, futile is provided by the state of incorporation of the entity on whose behalf the plaintiff is seeking relief." *Rosenbloom*, 765 F.3d at 1148 (alteration in original) (quoting *Scalisi v. Fund Asset Mgmt., L.P.*, 380 F.3d 133, 138 (2d Cir. 2004)). Washington is a "demand futility" state. *In re F5 Networks, Inc.*, 207 P.3d 433, 438 (Wash. 2009). This means that Washington courts "look to the complaint to determine 'whether or not the particularized factual allegations of a derivative stockholder complaint

3

create a reasonable doubt that, as of the time the complaint is filed, the board of directors could have properly exercised its independent and disinterested business judgment in responding to a demand.'" *Id.* at 437 (quoting *Rales*, 634 A.2d at 934). Washington courts follow Delaware's demand futility standard. *Id.* at 439.

The district court applied the familiar *Aronson* test to determine whether Burbrink was excused from making a demand on Nordstrom's Board. *See Aronson v. Lewis*, 473 A.2d 805, 814 (Del. 1984), *overruled on other grounds by Brehm v. Eisner*, 746 A.2d 244, 253–54 (Del. 2000). Under *Aronson*, a court asks "whether, under the particularized facts alleged, a reasonable doubt is created that: (1) the directors are disinterested and independent [or] (2) the challenged transaction was otherwise the product of a valid exercise of business judgment." *Rales*, 634 A.2d at 933(alteration in original) (quoting *Aronson*, 473 A.2d at 814). If a plaintiff meets either prong, she is excused from making a demand on the board of directors. *Brehm*, 746 A.2d at 256. As relates to the first prong, a "reasonable doubt is akin to the concept that the stockholder has a 'reasonable belief' that the board lacks independence or that the transaction was not protected by the business judgment rule." *Grimes v. Donald*, 673 A.2d 1207, 1217 n.17 (Del. 1996), *overruled on other grounds by Brehm*, 746 A.2d at 253–54. Additionally, where a plaintiff can demonstrate that a director faces a substantial likelihood of liability, such directors

4

may be deemed interested for demand purposes. *See Aronson*, 473 A.2d at 815; *see also Rosenbloom*, 765 F.3d at 1150.

Here, to meet *Aronson*'s first prong, Burbrink must show that at least seven of Nordstrom's thirteen directors, a majority, were interested or lacked independence. *See Aronson*, 473 A.2d at 812. The parties do not dispute the district court's finding that three Board members—Blake, Erik, and Peter Nordstrom— were interested in the disputed transactions under *Aronson*. On appeal, Burbrink argues the district court abused its discretion by finding that the Governance Committee members were immunized from liability because (1) they justifiably relied on the ARGUS expert report and (2) the exculpatory provision in Nordstrom's corporate charter was not wholly inapplicable to this case because Burbrink requested both monetary and equitable relief.

1.      The district court did not abuse its discretion in finding that the Governance Committee justifiably relied on the ARGUS expert report in making its decisions about the challenged transactions. ARGUS is an industry leader in providing specialized aviation services to companies that, among other things, maintain business aircraft. Nordstrom engaged ARGUS to provide a third-party analysis of what the Nordstrom Flight Department should charge for the disputed transactions. Because Burbrink failed to allege particularized facts that the Governance Committee members faced a substantial likelihood of liability by

5

relying on the ARGUS expert report, the district court did not abuse its discretion in concluding that the Governance Committee justifiably relied on the ARGUS expert report. *See Aronson*, 473 A.2d at 815.

Further, the district court did not abuse its discretion in concluding that the Washington Business Corporation Act, Wash. Rev. Code § 23B.08.300(2)(b), permitted the Governance Committee to rely on the ARGUS expert report to approve the disputed transactions, because the report constitutes the type of information upon which boards of directors routinely rely in making decisions. *See RBC Capital Mkts., LLC v. Jervis*, 129 A.3d 816, 855 (Del. 2015) ("Directors frequently rely on expert opinions concerning the fairness of proposed transactions, and the Delaware General Corporation Law recognizes that directors may rely upon such expert opinions." (citing *Citron v. Fairchild Camera & Instrument Corp.*, 569 A.2d 53, 66 (Del. 1989))).

2.    Nordstrom's corporate charter contains an exculpatory clause, and the district court considered whether this clause shielded the Governance Committee defendants from a substantial likelihood of liability for approving the disputed transactions and approving the inclusion of allegedly misleading information in Nordstrom's proxy statements. This means that the district court considered whether Nordstrom's charter protects its Board members from facing personal liability for monetary damages resulting from actions taken in their capacity as

6

Board members.

The district court did not abuse its discretion by finding that the exculpatory clause in Nordstrom's corporate charter made the Governance Committee members highly unlikely to face a substantial likelihood of liability. Contrary to Burbrink's assertions, the district did not find that the exculpatory clause prohibited Burbrink from seeking equitable relief. Rather, the district court found that "the Nordstrom Corporate Charter shields directors from liability for *money damages.*" Even assuming that the district court improperly found that the exculpatory provision in Nordstrom's corporate charter applies to this case, it was harmless error. The exculpatory clause was but one of the factors—others included the ARGUS expert report and the business judgment rule—the district court considered in assessing whether the Governance Committee members faced a substantial likelihood of liability. Because each factor provides independent support for the district court's decision, the district court did not abuse its discretion when it concluded the Governance Committee members did not face a substantial likelihood of liability, and any error was harmless. *See La. Mun. Police Emps.' Ret. Sys. v. Wynn*, 829 F.3d 1048, 1063–64 (9th Cir. 2016).

3.     Finally, we consider the district court's determination that Burbrink failed to rebut the presumption that the disputed transactions were exercises of sound business judgment. The *Aronson* and *Rales* tests are used to determine

whether a plaintiff meets demand futility under Delaware law. *See Teamsters Union 25 Health Servs. & Ins. Plan v. Baiera*, 119 A.3d 44, 56–57 (Del. Ch. 2015). Under *Rales*, Burbrink's claims must be dismissed "unless, based on the particularized facts alleged, [Burbrink] creates 'a reasonable doubt that, as of the time the complaint is filed, the board of directors could have properly exercised its independent and disinterested business judgment in responding to a demand.'" *Calma v. Templeton*, 114 A.3d 563, 575 (Del. Ch. 2015) (quoting *Rales*, 634 A.2d at 934). *Rales* "applies when a plaintiff does not challenge a decision of the board in place at the time the complaint is filed." *Baiera*, 119 A.3d at 56 (quoting *Ryan v. Gifford*, 918 A.2d 341, 352 (Del. Ch. 2007)). This includes "where a derivative plaintiff challenges a decision approved by a board committee consisting of less than half of the directors who would have considered a demand, had one been made." *Id.* at 56–57.

Here, because the Governance Committee that approved the disputed transactions constituted less than half of Nordstrom's Board, the *Rales* test applies. *See Calma*, 114 A.3d at 575 ("[B]ecause the decisions to grant the RSU Awards were made by less than half of the Citrix directors in office when Plaintiff filed the Complaint, the *Rales* test applies."); *see also Baiera*, 119 A.3d at 56–57. Although the district court arguably erred in considering whether the disputed transactions were protected as exercises of sound business judgment by applying the second

8

prong of the *Aronson* test rather than the *Rales* test, any error was harmless. *See Wynn*, 829 F.3d at 1063. Because Burbrink's allegations are too general and not specific as to individual Governance Committee members, under either *Aronson*'s second prong or the *Rales* test, Burbrink has failed to allege particularized facts to rebut the presumption that the decisions concerning the disputed transactions here were exercises of independent business judgment. *See Baiera*, 119 A.3d at 58; *see also Brehm*, 746 A.2d at 256. Therefore, Burbrink has not rebutted the presumption that the business judgment rule applies and the district court's grant of Nordstrom's Rule 23.1 motion was not an abuse of discretion. *See Rosenbloom*, 765 F.3d at 1147; *Rales*, 634 A.2d at 933; *Aronson*, 473 A.2d at 815.

**AFFIRMED**.